RUSS, AUGUST & KABAT
Marc A. Fenster (SBN 181067)
mfenster@raklaw.com
Benjamin T. Wang (SBN 228712)
bwang@raklaw.com
Amy E. Hayden (SBN 287026)
ahayden@raklaw.com
Theresa M. Troupson (SBN 301215)
ttroupson@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
BOOM! PAYMENTS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOOM! PAYMENTS, INC.<br><br>    Plaintiff,<br><br>vs.<br><br>STRIPE, INC.; SHOPIFY (USA) INC.; and SHOPIFY INC.<br><br>    Defendants. | Case No. 3:19-cv-00590-VC<br><br>**PLAINTIFF BOOM! PAYMENTS, INC.'S EMERGENCY MOTION FOR LEAVE TO AMEND THE COMPLAINT AND TO DENY DEFENDANT STRIPE'S MOTION TO DISMISS AS MOOT; OR, IN THE ALTERNATIVE, TO POSTPONE FURTHER BRIEFING ON THE MOTION TO DISMISS** |

**I.     INTRODUCTION**

Plaintiff Boom! Payments, Inc. ("Boom") respectfully submits this emergency motion for leave to amend its complaint to assert a third patent against Defendants Stripe, Inc., Shopify Inc., and Shopify (USA) Inc. ("Defendants"). The third patent has not yet formally issued; however, prosecution on the merits has closed and the Patent and Trademark Office has issued a Notice of Allowance. The new patent is related to the two patents asserted in the operative complaint, and Boom's infringement theory will be consistent in terms of scope and accused products.

Boom brings this motion on an emergency basis because of the impending deadline to file its opposition to Defendants' motion to dismiss the complaint, and because that motion would be mooted by any amended complaint. Requiring further briefing on the present motion would be a waste of time and resources. Moreover, resolution of the present motion would not resolve all disputes between the parties as it does not reach the new third patent. And not including the new third patent would deprive the court of a complete record, such as the Patent Office's most recent views on why Boom's patented technology is not ineligible under 35 U.S.C. §101. It would be more efficient to address the eligibility of these three patents together in a single complaint, rather than face serial motions or serial complaints, and an incomplete record.

For these and the following reasons, Boom respectfully asks that the Court enter an order (1) granting Boom leave to amend its complaint, and (2) denying Defendants' motion to dismiss as moot. In the alternative, Boom asks that the Court postpone further briefing on the motion to dismiss until Boom's new patent formally issues and Boom can bring a regularly noticed motion for leave to amend the complaint.

## II.     STATEMENT OF FACTS

Boom filed its complaint on February 1, 2019 against Defendants Stripe, Inc. ("Stripe") and Defendants Shopify Inc. and Shopify (USA) Inc. (collectively "Shopify") (Dkt. No. 1). The Complaint brings claims for infringement of U.S. Patent No. 8,429,084 and U.S. Patent No. 9,235,857. *Id.* Stripe filed a motion to dismiss the Complaint (Dkt. No. 32) and Shopify filed a notice of joinder in Stripe's motion (Dkt. No. 33).

Boom recently learned that its application for a related patent, Patent Application No. 16/212,317, has been allowed, and a new patent will soon issue to Boom. Declaration of Benjamin T. Wang, ("Wang Decl."), ¶ 3, Ex. B (Notice of Allowance). As the Notice of Allowance states, "prosecution on the merits is closed" as to the new patent (*id.*); all that remains is for Boom to pay its fees, which it has done (Wang Decl., ¶ 10, Ex. F), and for final paperwork to issue. Boom's amended complaint would moot Stripe's motion to dismiss. However, Boom's opposition to Stripe's motion to dismiss is currently due on May 28, 2019 (Dkt. No. 34), and while the new patent will formally issue soon, it will likely not issue before May 28.

Boom sought to obtain agreement from Defendants to allow Boom to file an amended complaint and to withdraw the pending motion to dismiss. Wang Decl., ¶ 4, Ex. C (5/21/2019 email from Wang to Defendants' counsel). Defendants refused to withdraw their motion to dismiss or to agree to allow Boom to amend its complaint once the new patent formally issues. *Id.* ¶ 6, Ex. D (5/22/2019 email from Amy Van Zant to counsel for Boom). Boom also sought Defendants' agreement to extend Boom's time to file an opposition so that Boom could bring this motion as a regularly noticed motion rather than on an emergency basis. *Id.* ¶¶ 7-8, Ex. E (5/22/2019 email from Wang to Van Zant). Defendants have not responded as of the filing of this motion. *Id.*, ¶ 9.

### III. LEGAL STANDARD

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts freely grant leave to amend complaints, a policy that the Ninth Circuit applies with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court listed the factors a court should consider in deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance to the amendment, [and] futility of amendment." *Eminence Capital*, 316 F.3d at 1051-52 (quoting *Foman*, 371 U.S. at 182). The predominant concern is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052 ("Prejudice is the touchstone of the inquiry under rule 15(a).") (quotations omitted). The party opposing amendment bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

### IV. ARGUMENT

#### A. The Court Should Grant Leave to Amend the Complaint.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Boom seeks the Court's permission to amend its complaint to assert a new patent against Defendants. The patent is related to the two patents currently asserted in this case, and once the new patent formally issues, Defendants' products and services will infringe the new patent in a manner consistent with how they infringe the two currently asserted patents. *See* Wang Decl., ¶ 2, Ex. A (Proposed First Amended Complaint), at ¶¶ 93-110 (providing exemplary infringement read of one of the newly allowed claims against the Defendants' products).

The new patent has not yet formally issued, but prosecution on the merits has closed (Wang Decl., Ex. B, at 1), Boom has paid its issuance fees (Wang Decl., Ex. F), and all that remains is for the PTO to issue the patent. There is no uncertainty about *whether* the new patent will issue; it is only a question of *how soon* the paper copy of the patent will issue.

Under governing law, leave to amend should be freely granted in the absence of prejudice to the opposing party. Here, there can be *no* prejudice to Defendants. The subject matter and scope of the new patent is similar to the two currently asserted patents, shares the same inventor, and will be asserted against the same infringing products. *See Ziptronix, Inc. v. Omnivision Techs., Inc.*, No. C 10-05525 SBA, 2012 WL 3155554, at *2 (N.D. Cal. Aug. 2, 2012) (allowing amendment to assert newly issued patents where the patents were substantially related, had the same inventors, were directed to similar subject matter, and would be asserted against the same infringing products).

Furthermore, this case is in such an early stage that amending the complaint will cause no undue delay or prejudice. There no scheduling order or pretrial deadlines that would need to be amended; the parties have not yet served preliminary infringement or invalidity contentions; and Defendants have not yet propounded any discovery. *See SAP Aktiengesellschaft v. i2 Techs., Inc.*, 250 F.R.D. 472, 475 (N.D. Cal. 2008) (granting leave to amend complaint to add new patent even where parties had already served preliminary infringement and invalidity contentions). Amending the complaint to add patent claims is routinely allowed as a matter of course. *See Aten Int'l Co., Ltd v. Emine Tech. Co.*, No. SACV09-0843AGMLGX, 2010 WL 1462110, at *4 (C.D. Cal. Apr. 12, 2010) (noting that "[a]mended and supplemental patent claims are frequently added to existing lawsuits" and listing exemplary cases).

Granting Boom leave to amend its complaint will not prejudice Defendants or cause undue delay. The Court should therefore apply the Ninth Circuit's "extremely liberal" policy in favor of

amendment and allow Boom to amend its complaint within three court days of the formal issuance of the new patent.

### B. The Court Should Deny the Pending Motion to Dismiss as Moot.

When Boom files its amended complaint, it will supersede the operative complaint, and Stripe's motion to dismiss will be moot. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (quotations omitted). Further briefing on the soon-to-be-moot motion to dismiss will waste time and resources. It is in all parties' interests to wait for the new patent to formally issue rather than to continue pursuing a motion that will be rendered null by the amended complaint.

Proceeding on the pending motion to dismiss would be inefficient. The pending motion addresses only two patents, not the new patent, and therefore would not resolve all the disputes between the parties. Moreover, not amending at this time raises the risk of serial motion practice or the filing of a new case asserting only the new third patent. For instance, adding the third patent in this case at a later time raises the possibility of the defendants filing another motion to dismiss and the Court having to revisit the issue. Alternatively, Boom could file a separate complaint with the new patent, involving the same parties, products, and technology, and then again, defendants could file yet another motion to dismiss, requiring the Court to revisit similar issues, without the advantage of reviewing all three patents at once with a complete record before it. Either of those alternatives to the present emergency motion are less than idea because they would delay proceedings, result in duplication of work, and are less efficient from a time and resource perspective. The most efficient and practical solution is to allow Boom to amend its complaint and

to deny Stripe's motion as moot so that the Court can consider the validity of all three patents at once.

While Boom cannot know with certainty when the new patent will issue, Boom will take every step within its power to ensure that the new patent issues promptly. Denying the pending motion will not prejudice Defendants, who will surely renew their arguments in a motion to dismiss the amended complaint. But requiring further briefing now would prejudice Boom. Furthermore, mooting the pending motion to dismiss would preserve the Court's valuable time and resources, as the Court could avoid hearing and deliberating on a motion to dismiss a complaint that will soon be superseded.

Allowing Boom to amend its complaint and denying the pending motion to dismiss as moot would create no prejudice to Stripe or Shopify. But to minimize any delay, Boom will file its amended complaint no later than three court days after the patent formally issues, and Boom would be amenable to an expedited briefing schedule for any renewed motion to dismiss under 35 U.S.C. § 101.

**C.     In the Alternative, the Court Should Stay the Pending Motion to Dismiss to Allow Boom to Bring a Regularly Noticed Motion to Amend.**

The Court may grant Boom leave to amend the complaint pending the formal issuance of the new patent. If the Court is disinclined to grant leave to amend before the patent formally issues, however, Boom respectfully asks that the Court stay the briefing and hearing on the pending motion to dismiss to allow Boom time to bring this emergency motion for leave to amend as a regularly noticed motion once the new patent formally issues.

Notably, Boom sought an agreement from Defendants to extend the time for Boom to file its opposition so that Boom could bring this motion as a regularly noticed motion, not an emergency motion. Wang Decl., ¶¶ 7-8, Ex. E. Defendants ignored the request (Wang Decl., ¶ 9).

Staying or extending the briefing schedule on the pending motion would allow additional time for the patent to formally issue, at which point Boom would promptly bring a regularly noticed motion for leave to amend the complaint. If the Court were to ultimately grant Boom's motion to amend, delaying briefing on the pending motion will avoid prejudicing Boom and wasting the Court's time and resources. If the Court were to ultimately deny Boom's motion to amend, the parties could resume briefing on the currently pending motion without prejudice to any party. Proceeding on the current briefing schedule—as Defendants wish to do—is the only option that would result in prejudice and a waste of time and resources.

## V.  CONCLUSION

For all the foregoing reasons, Boom respectfully asks that the Court enter an order (1) granting Boom leave to amend its complaint within three court days of the formal issuance of the new patent; and (2) denying Defendants' pending motion as moot. In the alternative, Boom respectfully asks that the Court stay further briefing on the currently pending motion to dismiss until after the formal issuance of Boom's new patent and the resolution of a regularly noticed motion to amend to add the new patent to this case.


DATED: May 23, 2019                        Respectfully submitted,

                                           RUSS, AUGUST & KABAT


                                           By: */s/ Benjamin T. Wang*
                                           Marc A. Fenster (SBN 181067)
                                           mfenster@raklaw.com
                                           Benjamin T. Wang (SBN 228712)

bwang@raklaw.com
Amy E. Hayden (SBN 287026)
ahayden@raklaw.com
Theresa M. Troupson (SBN 301215)
ttroupson@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
BOOM! PAYMENTS, INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 23, 2019, I electronically filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification of such filings to all registered counsel.

Dated: May 23, 2019                          */s/ Benjamin T. Wang*